KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oswaldo Garcia Borjoquez,<br><br>   Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>   Respondents. | No.   CV-26-01020-PHX-MTL (ASB)<br><br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.

**I.    Petition**

Petitioner raises the following claims for relief:

In **Ground One**, Petitioner alleges he has been subjected to unlawfully lengthy detention, in violation of the Fifth Amendment. He states his removal order is dated September 24, 2025. Petitioner has been detained in Immigrations and Customs Enforcement (ICE) custody at Eloy Detention Center since September 2025 "without a timely [or] meaningful" bond hearing.

In **Ground Two,** Petitioner states he has "not had access to the free attorney help" advertised "on the murals of the [D]etention [C]enter," and the "pro-bono programs" the Detention Center offered "were not available as promised," in violation of his due process rights.

Respondents must respond to the Petition. Any response must be supported by

1  documentary evidence including, if applicable, affidavits by individuals with personal
2  knowledge of the factual statements made therein and signed under penalty of perjury.

**II.   Improper Respondents**

The Court will dismiss the ICE Phoenix Field Office Director and "Other Officials with Custody Over Petitioner" as improper Respondents. *See Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004) (citing *Stanley v. Calif. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994)).

**III.   Warnings**

**A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

(1)   Respondents ICE Phoenix Field Office Director and "Other Officials with Custody Over Petitioner" are **dismissed**.

(2)   The Clerk of Court must **substitute** Fred Figueroa as Respondent for "Unknown Party, Warden of Eloy Detention Center."

(3)   The Clerk of Court must **substitute** Kristi Noem as Respondent for "Unknown Party, Secretary of the United States Department of Homeland Security."

(4)   The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to

Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(6) Respondents must respond to the Petition no later than **March 3, 2026**.

(7) Petitioner may file a reply no later than **March 10, 2026**.

Dated this 17th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge