**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oswaldo Garcia Bojorquez,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No. CV-26-01020-PHX-MTL (ASB)<br><br>**ORDER** |

Petitioner *pro se* filed this Petition for Habeas Corpus under 28 U.S.C. § 2241 challenging his immigration detention. Petitioner seeks release from detention "under reasonable conditions" or a bond hearing. (Doc. 1 at 2.)

Respondents responded to the Petition, reporting that Petitioner has been released from the custody of United States Immigration and Customs Enforcement and removed from the United States. (Doc. 9 at 2.)

Federal courts are courts of limited jurisdiction. The United States Constitution, Article III, limits the judicial power of federal courts to adjudicating only actual cases or controversies. *United States v. Texas*, 599 U.S. 670, 675 (2023).

A plaintiff must prove standing as a prerequisite to establishing a justiciable case or controversy. *Id.* "To establish standing, a plaintiff must show an injury in fact caused by the defendant and redressable by a court order." *Id.* at 676. Petitioner's release from custody divests him of standing because any injury cannot be redressed by a court order. That is, an order granting Petitioner his requested relief—release from custody—would

1  have no effect because he has already been released from custody.

2  Similarly, a habeas petitioner's release from custody moots the habeas petition because the relief requested in the petition is no longer available. *See McCullough v. Graber*, 726 F.3d 1057, 1060 (9th Cir. 2013).

The Court finds that the Habeas Petition is no longer justiciable due to Petitioner's release from custody. Petitioner lacks standing and the petition is moot.

**IT IS THEREFORE ORDERED** that:

1. The Petition for Habeas Corpus is **denied** without prejudice.
2. The reference to the Magistrate Judge is **withdrawn**.
3. The Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 2nd day of March, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge